The opinion of the court was delivered by
Breaux, J.
The plaintiff alleging that he was elected on the 22d ■day of March, 1897, Secretary and Treasurer of the New Orleans Fire Board, sought by the writ of mandamus to constrain the mayor to accept his bond in amount fixed by the board at fifteen thousand ■dollars for the faithful performance of his duties.
He alleged further that he had the required qualifications; that his bond was solvent and that the mayor illegally withheld his approval.
The mayor in his return denies that relator discloses a right to the writ and avers that there is a contest between the “ chief executive, the comptroller, chairman of finance committee and the board of civil service commissioners, on the one side,” and the board of fire commissioners on the other side as to the validity of the election of the relator to the office of the secretary-treasurer of the board of fire commissioners, and that this question can not be determined in a mandamus proceeding.
The judge of the District Oourt declined to make the writ peremptory.
On appeal counsel for the relator with energy and clearness urged that the sole duty of the respondent was to pass upon the solvency of the bond, and not to inquire into the qualification of the one by whom it is presented.
In support of his po-ition the respondent mayor refers to the provisions of the law whereby he is charged with the execution and enforcement of statutes relating to the municipality.
He also refers to that portion 'of the charter making a wilful violation of the civil service sections a misdemeanor.
Ordinarily mandamus should issue and be made peremptory com *1324 pelling the officer to approve the bond if it is solvent and satisfactory. But here it is evident that there is a contest.
We take notice of the provisions of the statutes relating to civil service and the feature of that statute regarding examinations.
The record informs us that one of the parties to the controversy contends that the civil service provisions of the statute are valid and apply, while the other, the relator, urged that these provisions are invalid, or if valid they do not apply to his case.
If we were to decide at this time that no alternative is left to the respondent save to approve the bond and security offered, the relator would still be confronted with the objection that he had failed to qualify under the civil service section. Our decision would not decide any of the serious issues involved.
He has accomplished all that it was possible to accomplish by offering a security to which no objection was raised on the ground of insufficiency or unsatisfactoriness.
The only question remaining is the right to the office of secretary-treasurer of the fire board. It has been decided in a number of well-considered decisions that mandamus is not the method of trying the title to an office.
It has also been decided that mandamus should not be issued as a general rule where the right of the relator depends upon holding acts of the Legislature invalid.
It is equally as well settled that mandamus is issued or withheld as the court may, in its discretion, deem proper. That courts will be governed by what is necessary to be done.
If a discretion is abused by one upon whom a duty is imposed and made to work injustice it may be controlled by mandamus.
Here the officer does not arbitrarily refuse to act. As we appreciate the issues the approval is withheld in order that it may be determined who, under the law, is entitled to the office.
The writ of mandamus may issue to compel a public officer to perform a ministerial duty, but it must clearly appear that the duty is one which from its character leaves no discretion in the officer to do or not to do. State ex rel. Romaine vs. West, Administrator of Improvements, 26 An. 322.
The respondent has responsibilities as an executive officer which the court will not overlook.
The case of Redfield vs. Windom, 137 U. S. 636, was evidently *1325 well considered. Under the reasoning in that case, in our view mandamus should not issue before the differences in regard to the law involved are finally passed upon by the courts. We gather from the argument at the bar, the averments of record and all the facts that an action is pending in which all the issues are involved that will enable the court to decide the whole matter.
It is ordered and adjudged that the judgment appealed from is affirmed.
Nicholls, O. J., absent; ill.